IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LAVARIS DEANDRE YOUNGBLOOD,  )
   )
      Petitioner,   )
   )
v.   )  CASE NO. 2:19-CV-1021-ECM-KFP
   )     (WO)
UNITED STATES OF AMERICA,  )
   )
      Respondent.   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255 wherein Lavaris Deandre Youngblood challenges his

conviction and resulting sentence for possessing a firearm as a convicted felon. Doc. 1.[1]

For the reasons discussed below, the Magistrate Judge RECOMMENDS that

Youngblood's motion be denied without an evidentiary hearing and that this case be

DISMISSED with prejudice.

## I.    BACKGROUND

On May 11, 2018, Youngblood pleaded guilty to one count of possessing a firearm

as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crim. Doc. 138. The plea

agreement contained a waiver provision in which Youngblood waived his right to appeal

or collaterally attack his conviction and sentence except on grounds of ineffective

---

[1] References to documents filed in these proceedings are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:17-cr-24-ECM-GMB) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

assistance of counsel or prosecutorial misconduct. *Id*. at 9; Crim. Doc. 104 at 6. On November 1, 2018, the district court sentenced Youngblood to a term of imprisonment of 120 months. Crim. Doc. 168.

Youngblood appealed, and his appellate counsel initially filed a no-merit "*Anders* brief" stating she could find no meritorious issues for review.[2] The Eleventh Circuit then directed counsel to brief whether the district court erred in overruling Youngblood's objections to receiving three criminal history points for his 2012 robbery convictions and to the district court's considering his conduct in 2016 and 2017 as relevant conduct under the advisory sentencing guidelines. Youngblood's counsel drafted and filed a brief addressing these issues. The government filed a brief arguing that Youngblood's appeal should be dismissed because he waived his right to appeal his sentence in his plea agreement and that, in any event, the district court committed no error in calculating Youngblood's advisory guidelines sentence.

On February 24, 2020, the Eleventh Circuit issued an opinion dismissing Youngblood's appeal, finding he knowingly and voluntarily waived his right to appeal his sentence in his plea agreement and that the arguments he raised on appeal fell within the scope of his waiver. Crim. Doc. 176 at 4; *see United States v. Youngblood*, 803 F. App'x 352, 353–54 (11th Cir. 2020). The Eleventh Circuit further found that, even if Youngblood did not waive his right to appeal, his arguments would fail because the district court stated it would have imposed the same 120-month sentence (by varying upward) even if had it

---

[2] *See* USCA11 Case No. 18-14861.

sustained his objections to the calculation of his advisory guidelines sentence. Crim. Doc. 176 at 5; *Youngblood*, 803 F. App'x at 354.

On December 3, 2019, Youngblood filed this § 2255 motion presenting claims that his trial counsel rendered ineffective by failing to advise him that:

> (1)   to secure a felon-in-possession conviction under 18 U.S.C. § 922(g)(1), the government had to prove that he knew his status as a convicted felon prohibited him from possessing a firearm, and counsel's failure to do so rendered his guilty plea unknowing and involuntary;[3] and
>
> (2)   to satisfy the "in or affecting commerce" element of § 922(g)(1), the government had to prove he possessed the firearm while traveling through interstate channels of highways, and if counsel had advised him of this evidentiary burden, he would not have pleaded guilty but instead would have proceeded to trial.

Doc. 1 at 4–7, 18–25. In January 2020, Youngblood amended his § 2255 motion to add claims that his appellate counsel was ineffective for failing to make these same arguments on appeal and, specifically, for failing to argue that the decision of the United States Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), rendered his guilty plea constitutionally invalid. Doc. 13 at 1–3. In addition, Youngblood claimed that his trial and appellate counsel were ineffective for failing to advise him that the government had no jurisdiction to punish conduct that, like his, did not take place on United States property. Doc. 13 at 3–4.[4]

---

[3] Youngblood cites *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in asserting this claim. *See* Doc. 1 at 5, 14–23.

[4] The claims in Youngblood's § 2255 motion and amendment often overlap and are not always presented in a clear and logical fashion. For organizational and analytical purposes, the Court has recast the claims in a more appropriate presentation.

## II.    DISCUSSION

### A.    Legal Standard

A prisoner may have relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction; (3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden to establish that vacatur of a conviction or sentence is required falls upon the prisoner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### B.    Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*. 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus exclusively on the underlying outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). However, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Unless a petitioner satisfies the showings required under both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Thus, if a court

decides that one of the requisite showings has not been made, it need not examine the other. *Id*. at 697; *Duren v. Hopper,* 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1. *Rehaif*-Based Claims: Counsel's Failure to Explain Knowledge-of-Status Element of § 922(g)(1)

Youngblood contends that his trial counsel rendered ineffective assistance by failing to advise him that to secure a felon-in-possession conviction under 18 U.S.C. § 922(g)(1),[5] the government had to prove he knew that his status as a convicted felon prohibited him from possessing a firearm. Doc. 1 at 4–5, 14–23. He asserts that his trial counsel's failure to do so rendered his guilty plea unknowing and involuntary. *Id*.[6] In addition, he contends that his appellate counsel was ineffective for failing to make these same arguments on appeal. Doc. 13 at 1–3.

---

[5] Section 922(g) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1).

[6] Youngblood's claim, as set forth here, comprises Grounds One and Two of his § 2255 motion. The underlying argument in both grounds is essentially the same, although Youngblood refers to 18 U.S.C. § 922(g)(1) in Ground One and to 18 U.S.C. § 924(a)(2), the penalty provision for § 922 violations, in Ground Two. The two grounds are discussed together in this Recommendation.

Youngblood predicates these claims upon the United States Supreme Court's decision in *Rehaif*, a case decided on June 21, 2019—after Youngblood's sentencing and while his direct appeal was pending. 139 S. Ct. 2191 (2019). In *Rehaif,* the Supreme Court held that to secure a felon-in-possession conviction under § 922(g), "the government must prove not only that the defendant knew he possessed a firearm or ammunition, but also that he knew 'of his status as a person barred from possessing a firearm' or ammunition." *United States v. Morales*, 987 F.3d 966, 978 (11th Cir. 2021) (citing *Rehaif*, 139 S. Ct. at 2195). The knowledge-of-status element as recognized in *Rehaif* thus requires a defendant to have known that he was a convicted felon at the time he was in possession of the firearm. *Rehaif*, 139 S. Ct. at 2195–96.

Youngblood's *Rehaif*-based claims of ineffective assistance of counsel are predicated on his own misunderstanding of the holding in *Rehaif*. Youngblood argues that, under *Rehaif*, the government had to prove that he knew his status as a convicted felon prohibited him from possessing a firearm. *See* Doc. 1 at 4–5, 14–23. However, he is incorrect. *Rehaif*'s knowledge-of-status requirement is that the government must prove that the defendant, at the time of the offense (i.e., possession of the firearm), knew he was a convicted felon; i.e., that he had been convicted of a crime punishable by imprisonment for a term greater than one year. *Rehaif*, 139 S. Ct. at 2194, 2200. There is no requirement under *Rehaif* of proof that the defendant at the time of the offense knew that his status as a convicted felon prohibited him from possessing a firearm. *See, e.g., Lackland v. United States*, No. 2:20-CV-8013-CLM, 2021 WL 50775 at *3 (N.D. Ala. Jan. 6, 2021) ("*Rehaif* only requires that the government prove that a defendant knows he is a felon. It does not

require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm."). oungblood cannot demonstrate that his trial counsel was ineffective for failing to advise him, incorrectly, that the government had to prove he knew he was prohibited from possessing a firearm. And his trial counsel's failure to give him this incorrect advice did not render his guilty plea unknowing and involuntary. Further, his appellate counsel did not perform deficiently by failing to make such arguments on appeal because the arguments would have been misguided. Counsel cannot be ineffective for failing to argue a meritless claim. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

To the extent Youngblood argues that his trial counsel was ineffective for failing to give him advice or make arguments in the district court based on legal principles actually announced by the Supreme Court in *Rehaif*, he cannot demonstrate that counsel's representation fell below an objective standard of reasonableness. *Rehaif* was decided over seven months after Youngblood was sentenced. His trial counsel could not be ineffective for failing to give advice or make arguments based on a change in the law that had yet to occur. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("Reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop."). *See, e.g., United States v. Finley*, 805 F. App'x 823, 826–27 (11th Cir. 2020) (because an attorney's failure to anticipate a change in the law typically will not support a claim of ineffective assistance of counsel, counsel did not provide ineffective assistance by failing to make arguments that would eventually become known as *Rehaif*-based arguments); *Dawkins v. United States*, 7:19-cv-08047-LSC, 2020

WL 3576841, at *2 (N.D. Ala. Jul. 1, 2020) (counsel's failure to raise a *Rehaif*-based claim before *Rehaif* was decided was not ineffective).

As to knowledge-of-status requirement actually recognized in *Rehaif*, Youngblood is coy about whether he knew he was a felon at the time of his firearm possession. Rather than claiming outright that he was unaware he was a felon when he committed his offense, he focuses on whether there is proof in the record that his trial counsel told him that a conviction under § 922(g) requires proof that the defendant, at the time of the offense, knew he was a convicted felon. The Eleventh Circuit reviews *Rehaif*-based challenges for plain error. *See, e.g., United States v. Scott,* 828 F. App'x 568, 571 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020); *United States v. McLellan*, 958 F.3d 1110, 1118–20 (11th Cir. 2020). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different." *Scott*, 828 F. App'x at 572. "In the guilty-plea context, that means showing 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id*. (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Here, any alleged *Rehaif* error was harmless because Youngblood fails to establish a reasonable probability that he would not have pleaded guilty had he been informed of the knowledge-of-status requirement. The record provides overwhelming evidence that Youngblood knew he was a felon when he possessed the firearm. Youngblood had an

extensive history of felony convictions, at least one of which had resulted in his serving a prison term of well over one year. *See* Crim Doc. 150 at 8–9 (Presentence Investigation Report). It has been held that a person previously convicted of multiple felonies is especially likely to know that he is felon for purposes of § 922(g)(1). *See United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (finding that where the record clearly demonstrates that it would be implausible for the defendant to not have known his felony status, a *Rehaif* error does not affect his substantial rights); *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020); *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020). The record is sufficiently clear that the government easily could have proven Youngblood knew of his status as a felon when he possessed the firearm. "The government's obligation to prove knowledge is not 'burdensome' and it may be inferred from circumstantial evidence." *Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (citing *Rehaif*, 139 S. Ct. at 2198).

Youngblood fails to establish a reasonable probability that his plea would have been different but for the alleged *Rehaif* error. He cannot demonstrate that he was prejudiced by his trial counsel's alleged failure to advise him about the knowledge-of-status requirement recognized in *Rehaif* (much less by his counsel's failure to advise him, incorrectly, that the government had to prove he knew he was prohibited from possessing a firearm). Nor can he show he was prejudiced by appellate counsel's failure to present such an argument. And, for that matter, he cannot show he was prejudiced by the indictment's failure to allege the knowledge-of-status element recognized in *Rehaif*. *See Reed*, 941 F.3d at 1020–21 (reviewing a *Rehaif* challenge and holding that defendant was not entitled to relief from his

§ 922(g) conviction where his indictment lacked the knowledge-of-status element and government was not made to prove the knowledge-of status element, because it was clear from the record that the defendant knew he was a felon at the time of his § 922(g) offense).[7]

For all these reasons, Youngblood is entitled to no relief on any substantive *Rehaif*-based claims he may have, and he is entitled to no relief on his *Rehaif*-based claims of ineffective assistance of trial and appellate counsel.

### 2.   Counsel's Failure to Explain "In or Affecting Commerce" Element of § 922(g)(1)

Youngblood next claims that his trial counsel was ineffective for failing to advise him that, to satisfy the "in or affecting commerce" element of § 922(g)(1), the government had to prove he possessed the firearm "while traveling through interstate channels of highways," and that had counsel advised him of this evidentiary burden, he would not have pleaded guilty but instead would have proceeded to trial. Doc. 1 at 7, 23–25. In addition, he contends that his appellate counsel was ineffective for failing to make a similar argument on appeal. *See* Doc. 13 at 1.

Under § 922(g), the government is required to make a minimal showing that the possessed firearm previously traveled in interstate commerce. *United States v. Wilkerson*, 411 F.3d 1, 9–10 (1st Cir. 2005). *See United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010. There is no requirement, like the one urged by Youngblood, that the defendant

---

[7] Youngblood asserts that the indictment was defective and failed to charge a criminal offense because it did not contain knowledge-of-status language. *See* Doc. 1 at 21; Doc. 13 at 1–2. However, because the indictment (Crim. Doc. 20 at 1) tracked the language of § 922(g)(1) and cited directly to § 922(g)(1), it was sufficient to state a crime against the United States and therefore conferred subject matter jurisdiction upon the district court. *See United States v. Morales*, 987 F.3d 966, 978–79 (11th Cir. 2021).

himself have possessed the firearm "while traveling through interstate channels of highways." Because Youngblood's claim is grounded on his misguided interpretation of the "in or affecting commerce" element of § 922(g), he fails to show that his trial counsel was ineffective for failing to advise him that the government had to prove he possessed the firearm "while traveling through interstate channels of highways." Likewise, appellate counsel was not ineffective for failing to make a similar argument on appeal. Counsel is not ineffective for failing to make meritless arguments. *See Winfield*, 960 F.2d at 974.

### 3. Counsel's Failure to Make "Territorial Jurisdiction" Argument

Finally, Youngblood claims that his trial and appellate counsel were ineffective for failing to advise him that the government had no jurisdiction to punish conduct that, like his, did not take place on United States property. Doc. 13 at 3–4.

Youngblood's underlying argument for this claim, i.e., his "territorial jurisdiction" argument, is that the federal government may criminalize only conduct that occurs on land or property owned by the federal government, and that because he was charged with committing acts that took place on land under the jurisdiction of the State of Alabama, the federal government and its courts did not have jurisdiction to prosecute him for his crime. Youngblood's claim lacks merit.

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. Const. art. III, § 1. Under Article III, § 2, cl. 1 of the Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States. Moreover, pursuant to 18 U.S.C. § 3231,

federal district courts have original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *see also, e.g., United States v. Russell*, 30 F. App'x 348, 351 (6th Cir. 2002). Further, Article I, § 8, of the Constitution empowers Congress to create, define and punish crimes, irrespective of where they are committed. *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798) (Chase, J.); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990). The Seventh Circuit has succinctly responded to claims of the sort presented by Youngblood as follows:

> Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.

*Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

A federal district court's jurisdiction under 18 U.S.C. § 3231 is not limited to crimes occurring on federally owned property. *See McClurkin v. United States*, 922 F.2d 843 (7th Cir. 1990).[8] Youngblood's argument ignores the basic principle of federalism embodied in the U.S. Constitution. That Alabama may have sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Youngblood for federal crimes occurring within those same boundaries. *See, e.g., United States v. Hamilton*, 263 F.3d 645, 655–56 (6th Cir. 2001).

---

[8] *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *Cantrell v. Reno*, 36 F. App'x 651 (1st Cir. 2002); *see also United States v. Lussier*, 929 F.2d 25, 26 (1st Cir. 1991) (rejecting "territorial jurisdiction" argument).

Youngblood was prosecuted for violations of the criminal laws of the United States. Because the State of Alabama, where Youngblood's underlying criminal offense occurred, is within the jurisdiction of the United States and his offense violated a validly enacted federal statute, the district court's jurisdiction to enter rulings and judgment of conviction against Youngblood lay squarely within the original jurisdiction conferred under 18 U.S.C. § 3231. Because his underlying claim lacks merit, so too does his claim that his trial and appellate counsel were ineffective for failing to advise him that the government had no jurisdiction to punish conduct that, like his, did not take place on United States property.

## III.   CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Youngblood's § 2255 motion be DENIED and that this case DISMISSED with prejudice.

It is further ORDERED that by October 13, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 29th day of September, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE